Chouanson CHANG, Petitioner,

v.

Alberto R. GONZALES, Attorney
General, Respondent.

No. 05–70452.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 20, 2007 *.

Filed Feb. 23, 2007.

Frank P. Sprouls, Law Office of Ricci
and Sprouls, San Francisco, CA, for Peti-
tioner.

Ronald E. Lefevre, Chief Counsel, Office
of the District Counsel Department of
Homeland Security, Blair T. O'Connor,
Esq., San Francisco, CA, Jennifer Keeney,
Esq., Michelle G. Latour, DOJ—U.S. De-
partment of Justice Civil Div./Office of Im-
migration Lit., Washington, DC, for Re-
spondent.

Before: BEEZER, FERNANDEZ, and
McKEOWN, Circuit Judges.

MEMORANDUM **

Chouanson Chang, a native and citizen
of Laos, petitions for review of the Board
of Immigration Appeals' ("BIA") order dis-
missing his appeal from an immigration
judge's ("IJ") order denying his motion to
reissue his decision. Our jurisdiction is
governed by 8 U.S.C. § 1252. We review
questions of law de novo, *Cabrera–Alvarez
v. Gonzales,* 423 F.3d 1006, 1009 (9th Cir.
2005), and deny in part and dismiss in part
the petition for review.

* The panel unanimously finds this case suitable
for decision without oral argument. *See* Fed.
R.App. P. 34(a)(2).

** This disposition is not appropriate for publi-
cation and is not precedent except as provid-
ed by 9th Cir. R. 36–3.

The IJ ordered Chang removed due to his criminal convictions, and Chang did not timely appeal from that order. Chang later moved for the IJ to reissue his decision because Chang's attorney, Frank Sprouls, admitted he failed to file a timely notice of appeal on behalf of Chang. The IJ denied the motion to reissue, and Chang appealed from that order, offering new evidence that his convictions had been expunged. The BIA dismissed his appeal.

■ The agency did not err in denying Chang's motion to reopen for ineffective assistance of counsel because Chang did not provide information regarding his representation agreement with Sprouls, as required by *Matter of Lozada*, 19 I. & N. Dec. 637, 638 (BIA 1988). *See Castillo–Perez v. INS*, 212 F.3d 518, 525 (9th Cir. 2000) *("Lozada* requirements are generally reasonable, and under ordinary circumstances the BIA does not abuse its discretion when it denies a motion to remand or reopen based on alleged ineffective assistance of counsel where the petitioner fails to meet the requirements of *Lozada.")*.

■ Chang contends that California Health and Safety Code § 11352(a) is a divisible statute and, therefore, his conviction is not an aggravated felony. We decline to review this contention because Chang never appealed the IJ's order of removal.

Chang's remaining contentions lack merit.

**PETITION FOR REVIEW DENIED in part and DISMISSED in part.**